*226 SENTENCIA
El 14 de mayo de 2006 el Ministerio Público presentó una denuncia contra José Miguel Flores Flores, en la cual le imputó la comisión del delito de maltrato tipificado en el Artículo 3.1 de la Ley 54 de 15 de agosto de 1989, Ley para la Prevención e Intervención con la Violencia Doméstica.(1) La denuncia explica que ese día el señor Flores Flores cruzó su vehículo frente al automóvil de la Sra. Carmen Romero Pérez, le quitó las llaves, se montó en el auto y comenzó a discutir con ella y a golpearla. Cuando la señora Romero Pérez intentó salir del vehículo, el acusado la su-jetó fuertemente por el brazo, la haló y agarró por el pelo y le apretó fuertemente el cuello, causándole marcas.
El expediente indica que el acusado mantuvo con la víc-tima una relación afectiva que incluyó relaciones sexuales durante aproximadamente diez meses. Sin embargo, nunca cohabitaron y la señora Romero Pérez estaba casada con otro hombre.
El mismo día en que se presentó la denuncia, se deter-minó causa probable para el arresto y se fijó fianza. Poco tiempo después, se celebró la vista preliminar, en la cual el Tribunal de Primera Instancia determinó causa para acu-sar por el delito imputado. El 12 de junio de 2006, se llevó a cabo el acto de lectura de acusación, luego de lo cual el señor Flores Flores solicitó la desestimación del caso al amparo de la Regla 64(p) de Procedimiento Criminal.(2) Adujo que la determinación de causa probable no se hizo conforme a la ley y al Derecho, y que se violó su derecho al debido proceso de ley. Más concretamente, expresó que hubo ausencia total de prueba que demostrara la comisión del delito imputado, porque su relación con la supuesta perjudicada era una de “novios” pero ella estaba casada con *227 otro hombre. Según el acusado, este tipo de relación adúl-tera no está contemplada en la Ley 54 y, por ende, no se probaron los elementos del delito de maltrato tipificado en dicho estatuto. El 26 de jrrnio de 2006, el señor Flores Flores presentó una moción para que el Ministerio Público descubriera la prueba en su contra, amparado en la Regla 95 de Procedimiento Criminal.(3)
El 7 de julio de 2006, el Gobierno se opuso a la desesti-mación de la acusación al entender que en la vista prelimi-nar se había presentado prueba suficiente para sostener una determinación de causa probable para acusar por el delito imputado. Expuso que la relación sostenida por el acusado y la perjudicada está contemplada en la definición del concepto “relación de pareja” contenida en el Artículo 1.3 de la Ley 54, la cual incluye a aquellas personas que sostienen o han sostenido una relación consensual íntima.(4) Además, el Ministerio Público objetó las expre-siones de la defensa en cuanto al estado civil de la peiju-dicada, argumentando que el Derecho vigente nada dis-pone respecto al estado civil del acusado o la perjudicada en casos presentados al amparo de la Ley 54. Por último, el Ministerio Público contestó el descubrimiento de prueba de la defensa y solicitó el descubrimiento recíproco al amparo de la Regla 95A de Procedimiento Criminal.(5)
El tribunal celebró vista para determinar si procedía la desestimación de la acusación, tras lo cual decidió que no había ausencia total de prueba y ordenó que se continua-ran los procedimientos.
Habiéndose denegado una petición de reconsideración, el acusado recurrió al Tribunal de Apelaciones mediante una petición de certiorari. En esta reprodujo los argumen-tos planteados en su petición de desestimación y solicitó *228 que se paralizaran los procedimientos, en auxilio de jurisdicción. Así lo hizo el Tribunal de Apelaciones y ordenó al Procurador General mostrar causa por la cual no debía revocar la resolución recurrida y desestimar la acusación.
El 13 de octubre de 2006, el Procurador General se opuso a la expedición del recurso. Planteó que entre el acu-sado y la peijudicada hubo una relación consensual íntima, independientemente de que esta estuviese casada con otra persona, y que una relación de este tipo estaba incluida en el concepto “relación de pareja” que sirve de base para la aplicación de la Ley 54. Por ende, indicó, el acto de violen-cia que se le imputaba al acusado tenía que juzgarse según la ley especial y no dentro de la estructura penal tradicional.
El foro intermedio apelativo expidió el recurso y revocó la determinación del tribunal de instancia. Concluyó que, aunque el estatuto contiene un lenguaje amplio para pro-teger una serie de relaciones que trascienden el vínculo conyugal, la relación adúltera que hubo entre la alegada víctima y el acusado no está comprendida en el concepto de relación consensual de la Ley.(6)
Inconforme, el Procurador General recurrió ante este Tribunal. En su recurso de certiorari, señaló que el foro intermedio erró al resolver que la Ley 54 no aplica a los actos de maltrato que se suscitan en el seno de una pareja consensual si uno de sus miembros está casado con otra persona. Expedimos el auto y ambas partes presentaron sus alegatos.
Por estar igualmente dividido el Tribunal, se dicta Sen-tencia confirmatoria de la Sentencia emitida por el Tribunal de Apelaciones en este caso.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal. El Juez Asociado Señor Kolthoff Caraballo emitió *229 una opinión de conformidad, a la cual se unieron el Juez Asociado Señor Martínez Torres y la Jueza Asociada Se-ñora Pabón Charneco. La Jueza Asociada Señora Fiol Ma-tta emitió una opinión disidente, a la cual se unieron el Juez Presidente Señor Hernández Denton y la Juez Aso-ciada Señora Rodríguez Rodríguez. El Juez Asociado Señor Rivera García emitió un voto de inhibición.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 8 L.P.R.A. seo. 631.

 34 L.P.R.A. Ap. II.

 34 L.P.R.A. Ap. II.

 8 L.P.R.A. sec. 602.

 34 L.P.R.A. Ap. II.

 Sentencia del Tribunal de Apelaciones de 5 de diciembre de 2006, caso KLCE061118 (Panel integrado por las juezas Pesante Martínez y Hernández Torres, y el juez Escribano Medina).